**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KEITH MEAUX** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 1:14cv323-KS-RHW**

**STATE OF MISSISSIPPI
(MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY/MS HWY PATROL), CHADWICK
"CHAD" MOORE and JOHN and JANE
DOES 1-20** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss [17]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

## I. BACKGROUND

On August 21, 2014, Plaintiff Keith Meaux filed this action against the Defendants Chadwick "Chad" Moore (a law enforcement officer employed by the Mississippi Highway Patrol) and "State of Mississippi (Mississippi Department of Public Safety/Mississippi Highway Patrol)." (Compl. [1] at ¶¶ 2-3.) The Complaint alleges that Officer Moore used "unnecessary" and "brutal" force during the course of Meaux's arrest for driving under the influence. (Compl. [1] at ¶¶ 7, 10.) Meaux contends that Officer Moore's use of force resulted in his sustaining a dislocated shoulder, bruises, and cuts requiring stitches. Meaux also alleges that after he was handcuffed and placed in Officer Moore's patrol car, Officer Moore ignored his pleas for medical attention and cancelled an ambulance that "Meaux managed to call when he retrieved his phone from his pocket all the while handcuffed." (Compl. [1] at ¶ 9.) Purportedly, the charges

against Meaux were dismissed after Officer Moore failed to appear for trial. The Complaint presents the following counts in support of liability: (i) deprivation of civil rights under Title 42 U.S.C. § 1983; (ii) false imprisonment and arrest; (iii) malicious prosecution and abuse of process; (iv) intentional and/or negligent infliction of emotional distress; (v) negligent hiring and training; (vi) general negligence; (vii) failure to render medical attention; (viii) unlawful arrest, detention, and confinement; and (ix) battery. Meaux seeks compensatory damages, punitive damages, attorney's fees, and pre-judgment and post-judgment interest in relief.

On October 6, 2014, Officer Moore and "the Mississippi Department of Public Safety (erroneously identified as State of Mississippi and/or Mississippi Highway Patrol)" filed their Answer to the Complaint. (Answer [8] at p. 1.) For purposes of clarity and convenience, the entity Defendant will often be referred to as the "Department" in this opinion. Officer Moore and the Department now seek the dismissal of certain of Meaux's claims on the grounds addressed below.

## II. DISCUSSION

### A. Standard of Review

The Department and Officer Moore's grounds for dismissal implicate Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(c) (judgment on the pleadings).[1] "The party asserting jurisdiction bears the burden of proof

[1] Defendants' dismissal motion cites Rule 12(b)(6) and not Rule 12(c). Rule 12(b)(6) is inapplicable since the Defendants filed their Answer before they moved for dismissal. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Defendants' failure to cite the correct procedural rule does not alter the Court's analysis because a "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th

for a 12(b)(1) motion to dismiss." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The court is to accept the facts and allegations set forth in the complaint as true; although, the court is authorized to consider and resolve disputed fact issues for jurisdictional purposes. *See Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (citations omitted). Accordingly, subject matter jurisdiction may be found lacking on any of the following "bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

To avoid dismissal under Rule 12(c), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas*, 781 F.3d 772, 775-76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d

---

Cir. 2008) (citation omitted).

215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A.*, 635 F.3d at 763 (citations omitted). Dismissal at the pleading stage may be appropriate where the grounds for an affirmative defense appear on the face of the complaint. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citations omitted); *see also* 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1357 (3d ed.) (providing that dismissal is proper when the allegations of the complaint are "essentially self-defeating" due to the existence of "a built-in defense").

**B. Eleventh Amendment Immunity**

Defendants first seek the dismissal of Meaux's 42 U.S.C. § 1983 claims against the Department and Officer Moore, in his official capacity, pursuant to the Eleventh Amendment of the United States Constitution.[2] "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (citations omitted); *see also United States v. Tex. Tech Univ.*, 171 F.3d 279, 285-86 (5th Cir. 1999) (providing that questions of sovereign immunity are to be resolved prior to the determination of any merits issue). "The Eleventh Amendment

---

[2] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

codified the sovereign immunity of the several states." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997)). This grant of immunity precludes a private citizen from suing his state or any other state in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted). Federal "suits against a state, a state agency, or a state official in his official capacity [are barred] unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) (quoting *Moore*, 743 F.3d at 963). A claim for prospective injunctive relief against a state official accused of violating federal law is also not proscribed by the Eleventh Amendment. *Moore*, 743 F.3d at 963 (citation omitted). This latter exception has its origins in the case of *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

Both the Mississippi Highway Patrol ("MHP") and Mississippi Department of Public Safety ("MDPS") are considered to be arms of the State of Mississippi for purposes of Eleventh Amendment immunity. *See Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12cv229, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013) ("MDPS is an agency of the State and entitled to Eleventh Amendment immunity absent waiver or abrogation.") (citation omitted), *aff'd*, 554 Fed. Appx. 279 (5th Cir. 2014); *Wamble v County of Jones*, No. 2:09cv103, 2012 WL 2088820, at *6 (S.D. Miss. June 8, 2012) (finding the MDPS and MHP to be immune from liability and dismissing for lack of subject matter jurisdiction); *Whitfield v. City of Ridgeland*, 876 F. Supp. 2d 779, 784 (S.D. Miss. 2012) (same); *Hopkins v. Mississippi*, 634 F. Supp. 2d 709, 712-13 (S.D.

Miss. 2009) (dismissing the plaintiff's official capacity claims against a state trooper, as well as his claims against the MDPS and MHP, pursuant to the Eleventh Amendment). Thus, Meaux's § 1983 claims against the Department (whether it is labeled the State of Mississippi, MDPS, or MHP) and Officer Moore, in his official capacity, are not legally cognizable in this federal forum unless one of the above-referenced exceptions to immunity applies. *See Hopkins*, 634 F. Supp. 2d at 712-13.

The State of Mississippi has not expressly waived its immunity from suit in federal court. To the contrary, Mississippi explicitly preserved its sovereign immunity as to federal litigation when it promulgated the Mississippi Tort Claims Act. *See McGarry v. Univ. of Miss. Med. Ctr.*, 355 Fed. Appx. 853, 856 (5th Cir. 2009) (citing Miss. Code Ann. § 11-46-5(4), which states that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment"). "Congress has not expressly waived sovereign immunity for § 1983 suits." *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir.1997) (citations omitted). Further, Meaux asserts no request for injunctive relief triggering an application of the *Ex parte Young* doctrine. Meaux only seeks monetary damages. The Court therefore finds no exception to the operation of the Eleventh Amendment's immunity bar in this federal action.

Meaux fails to offer any arguments or authorities negating the subject request for dismissal. Meaux's opposition largely focuses on the defense of qualified immunity and the Eighth Amendment's prohibition against cruel and unusual punishment. Individual defendants, but not governmental entities, may rely on the defense of qualified immunity. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 436

(5th Cir. 2008) (citing *Owen v. City of Independence*, 445 U.S. 622, 657, 100 S. Ct. 1398, 63 L. Ed. 2d 673 (1980)). Although the Defendants' Answer [8] asserts qualified immunity as an affirmative defense, Officer Moore is not presently seeking dismissal on that basis. The Eighth Amendment affords protection only to those individuals who have been convicted of committing crimes. *See Baker v. Putnal*, 75 F.3d 190, 198-99 (5th Cir. 1996) (finding that the plaintiffs could not state a cognizable Eighth Amendment claim because their decedent was a pretrial detainee at the time of the alleged violation) (citations omitted). Meaux's Complaint [1] is devoid of any allegation that he had been convicted of a crime at the time of his arrest by Officer Moore. As a result, Meaux's inapposite legal grounds do not preclude the dismissal of his § 1983 claims against the Department and Officer Moore, in his official capacity, based on Eleventh Amendment immunity. This dismissal will be without prejudice. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986) (finding that the defendants were immune under the Eleventh Amendment, and remanding with instructions for the district court to dismiss the action without prejudice for lack of subject matter jurisdiction).

**C. The Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 ("MTCA")**

The MTCA controls the viability of several of Meaux's state law claims.[3] The

[3] State law causes of action are also subject to Eleventh Amendment immunity. *See Raj*, 714 F.3d at 329. However, "for the sake of simplicity and to avoid trying the facts of this case simultaneously in both federal and state court," Defendants have consented "to this Court's jurisdiction over the state law claims . . . ." (Defs.' Mem. Brief in Support of Mot. to Dismiss [18] at p. 7.) Meaux raises no opposition to this limited or partial waiver of immunity. Further, there is precedent for the Defendants' position. *See Hankins v. Finnel*, 964 F.2d 853, 856 (8th Cir. 1992) (providing that an Eleventh Amendment waiver may be partial or limited) (citing *WJM, Inc. v. Mass. Dep't of Pub. Welfare*, 840 F.2d 996, 1002-03 & n.8 (1st Cir. 1988), *abrogated on other grounds by*

"MTCA provides the exclusive civil remedy for tort actions against the state, its political subdivisions, and its employees." *City of Jackson v. Harris*, 44 So. 3d 927, 932 (¶ 23) (Miss. 2010) (citing Miss. Code Ann. § 11-46-7(1)). Government employees, such as Officer Moore, may be sued in their official or representative capacity under the MTCA, "but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2). A government employee shall not be considered to have acted "within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." *Id.* "The Mississippi Supreme Court has held that torts which require proof of malice as an essential element are excluded from the MTCA . . . ." *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (¶ 40) (Miss. Ct. App. 2011) (considering the plaintiff's intentional infliction of emotional distress claim to fall outside the scope of the MTCA, and citing *Zumwalt v. Jones County Bd. of Supervisors*, 19 So. 3d 672, 688-89 (¶¶ 83–84, 86) (Miss. 2009), which found that the MTCA did not apply to a claim for tortious interference with business relations).

Defendants argue that Meaux's requests for punitive damages, attorney's fees, and pre-judgment interest are barred under the MTCA and should be dismissed. Defendants' argument is based on the following MTCA provision:

---

*Reopell v. Massachusetts*, 936 F.2d 12 (1st Cir. 1991); *Moreno v. Univ. of Md.*, 645 F.2d 217, 220 (4th Cir. 1981), *aff'd sub nom.*, *Toll v. Moreno*, 458 U.S. 1, 102 S. Ct. 2977, 73 L. Ed. 2d 563 (1982)). Thus, the Court will accept the Defendants' partial waiver of immunity under the Eleventh Amendment as to Meaux's state law claims.

> No judgment against a governmental entity or its employee for any act or omission for which immunity is waived under this chapter shall include an award for exemplary or punitive damages or for interest prior to judgment, or an award of attorney's fees unless attorney's fees are specifically authorized by law.

Miss. Code Ann. § 11-46-15(2). Meaux fails to offer any grounds for the inapplicability of this statutory provision as to his state law claims. Therefore, Defendants' dismissal request is well taken to the extent that punitive damages, attorney's fees, and pre-judgment interest will not be awarded to Meaux as part of any potential recovery on his claims falling within the scope of the MTCA. This ruling does not apply to Meaux's non-MTCA claims.

Defendants further argue that the Court should dismiss all state law claims asserted against Officer Moore, personally, if it finds that he was acting within the course and scope of his employment and not with malice. Defendants additionally assert that Meaux's claims against Officer Moore for battery, false arrest and imprisonment, and intentional infliction of emotional distress, which include allegations of malice, should be dismissed with prejudice as time-barred pursuant to the one-year statute of limitations prescribed by section 15-1-35 of the Mississippi Code. The MTCA also supplies a one-year statute of limitations. *See* Miss. Code Ann. 11-46-11(3). However, unlike section 15-1-35, the MTCA includes a tolling provision. "[F]iling a notice of claim within the required one-year period will toll the statute of limitations . . . ." Miss. Code Ann. § 11-46-11(3)(a). Meaux submitted a notice of claim within one year of his arrest by Officer Moore, but filed suit approximately one year and five months subsequent to the arrest. According to the Defendants, the provisions of the MTCA are inapplicable and section 15-1-35 controls if the Court finds that Officer Moore acted with

malice.

The Court is not in a position to decide whether Officer Moore acted maliciously *vel non* in his dealings with Meaux. This case is at the pleading stage and Meaux's pleadings present contradictory information regarding the nature of Officer Moore's acts or omissions. On the one hand, Meaux alleges that Officer Moore "acted within his . . . official capacity and scope of the purported authority as an agent and/or employee of the MHP within the State of Mississippi which is accordingly liable for his actions." (Compl. [1] at ¶ 12.) On the other hand, Meaux claims that the Defendants acted "with actual malice . . . ." (Compl [1] at ¶¶ 23, 32.) Meaux's battery allegation includes the not so definitive contention that Officer Moore acted "intentionally and/or negligently and with reckless disregard and without consent . . . ." (Compl. [1] at ¶ 49.)

Notwithstanding the preceding ambiguities, the Court is able to hold that the following of Meaux's claims against Officer Moore, in his personal or individual capacity, are subject to dismissal: false arrest and imprisonment; intentional infliction of emotional distress; and, battery. Officer Moore cannot "be held personally liable for" these torts if he in fact acted within the course and scope of his employment and without malice. Miss. Code Ann. § 11-46-7(2). Conversely, the MTCA is inapplicable and these claims are time-barred under section 15-1-35's one-year period of limitations if Officer Moore "was acting outside the course and scope of his employment during the times alleged by plaintiff . . . ." *Gilmer v. Trowbridge*, No. 3:08cv136, 2009 WL 4113711, at *3-4 (S.D. Miss. Nov. 23, 2009) (finding the plaintiff's claims against a sheriff's deputy for false arrest, assault and battery, and intentional infliction of emotional distress to be barred either by section 15-1-35, notwithstanding the plaintiff filing a notice of claim, or

by MTCA immunity).[4] "[W]hether or not the MTCA applies to these claims, they are due to be dismissed." *Gilmer*, 2009 WL 4113711, at *4.[5]

The Court also need not decide the specific nature of Officer Moore's acts or omissions in determining the viability of Meaux's general negligence and negligent infliction of emotional distress allegations. If Officer Moore was merely negligent, i.e., failed to use reasonable care, in his dealings with Meaux, he cannot be said to have

---

[4] *See also Hagan v. Jackson County, Miss.*, No. 1:13cv268, 2014 WL 4914801, at *12-13 (S.D. Miss. Sept. 30, 2014) (holding that law enforcement officers were immune from liability as to the plaintiff's claims for abuse of process, false arrest and imprisonment, and intentional infliction of emotional distress under section 11-46-7(2), and that the claims were time-barred pursuant to section 15-1-35 to the extent they could be considered to fall outside of the MTCA); *Duke v. Cartlidge*, No. 5:04cv322, 2006 WL 2788541, at *8 & n.12 (S.D. Miss. Sept. 26, 2006) (noting that section 11-46-11's tolling provision does not apply to non-MTCA claims; providing that the plaintiff's state law claims against a deputy were subject to dismissal pursuant to section 11-46-7(2) given the allegation that the deputy acted within the course and scope of her employment; and, considering the claims to be untimely pursuant to section 15-1-35 even assuming, *arguendo*, that plaintiff could change his position and allege the deputy was acting outside the course and scope of her employment).

[5] In opposition to dismissal, Meaux argues that Officer Moore cannot be deemed immune under the MTCA because he acted with reckless disregard to Meaux's safety and well-being during the course of the subject incident. The MTCA provides immunity to governmental entities and their employees acting within the course and scope of their employment as to any claim arising out of an employee's "execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." Miss. Code Ann. § 11-46-9(1)(c). The exemption from liability specified under section 11-46-9(1)(c) is neither dispositive of any plea for dismissal in the Motion to Dismiss [17] nor determinative of whether Officer Moore is shielded from *personal* liability pursuant to section 11-46-7(2). *See Phillips v. Miss. Dep't of Pub. Safety*, 978 So. 2d 656, 659-60 (¶ 12) & n.4, 661 (¶¶ 18-19) (Miss. 2008) (finding that the trial court correctly dismissed the individual defendants pursuant to section 11-46-7(2) since it was undisputed they were acting within the course and scope of their official police duties, and separately considering whether the officers acted in reckless disregard of the plaintiff's safety in deciding the governmental entity's liability). Meaux's characterization of Officer Moore's conduct as "reckless" does not preclude the dismissal of the above-referenced claims.

engaged in conduct constituting "fraud, malice, libel, slander, defamation or any criminal offense" under section 11-46-7(2). *See Duncan v. Chamblee*, 757 So. 2d 946, 949-50 (¶¶ 14-18) (Miss. 1999) (holding that the trial court properly dismissed the plaintiff's gross negligence claim against a government employee, who was acting within the course and scope of her employment and immune from personal liability). "The MTCA makes the State responsible for the negligence of its employees . . . ." *Watts v. Tsang*, 828 So. 2d 785, 791 (¶ 18) (Miss. 2002).[6] Conversely, Meaux does not state a negligence claim to the extent he alleges that Officer Moore acted intentionally or with malice. *See Maas v. City of Ocean Springs, Miss.*, No. 1:11cv287, 2012 WL 2603620, at *3 (S.D. Miss. July 5, 2012) (holding that the plaintiff's negligence claim was not cognizable under Mississippi law since it was based on alleged intentional torts stemming from his arrest); *Howard v. Wilson*, 62 So. 3d 955, 957 (¶ 9) (Miss. 2011) (providing that neither "a negligent assault" nor "a 'negligent battery'" is legally cognizable) (citation omitted). Meaux's allegation that Officer Moore engaged in "extreme and outrageous conduct [and] intentionally or recklessly caused severe and emotional distress"[7] falls under the purview of a claim for intentional, as opposed to negligent, infliction of emotional distress. *See Carter v. Reddix*, 115 So. 3d 851, 858-59 (¶¶ 16-18) (Miss. Ct. App. 2012) (finding that the trial court properly construed the

---

[6] *See also Lee v. Yazoo County, Miss.*, No. 5:11cv165, 2012 WL 5287868, at *1 (S.D. Miss. Oct. 24. 2012) (finding individual defendants to be immune from liability as to state law negligence claims under section 11-46-7(2)); *McBroom v. Payne*, No. 1:06cv1222, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010) (the patrol officer was individually immune from the plaintiff's claim for negligent infliction of emotional distress).

[7] (Compl. [1] at ¶ 31.)

plaintiff's claim for reckless infliction of emotional distress as one for intentional infliction of emotional distress); *Weible*, 89 So. 3d at 64 (¶ 40) ("Intentional infliction of emotional distress can be predicated on behavior that is malicious, intentional, willful, wanton, grossly careless, indifferent *or* reckless.") (citation and internal quotation marks omitted). Thus, Meaux's negligence allegations against Officer Moore, in his individual capacity, will also be dismissed.

In rebuttal, the Department essentially seeks the dismissal of all of Meaux's state law claims. This request for dismissal is unavailing for two reasons. First, the Court typically does "not consider arguments raised for the first time in a reply brief . . . ." *United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 492 (5th Cir. 2014) (citation omitted). Second, resolving several of the Department's rebuttal arguments would require determinations as to whether Officer Moore acted maliciously, within the course and scope of his employment, or with reckless disregard to the safety of Meaux. There is no evidence before the Court enabling such findings. The Department may again seek dismissal of Meaux's state law claims after the facts have been developed through discovery and summary judgment briefing.

The Court further declines to grant Officer Moore's request for dismissal of Meaux's claim for abuse of process on the basis of the statute of limitations. This argument was raised for the first time in the Defendants' Rebuttal in Support of the Motion to Dismiss [27]. In addition, Meaux's abuse of process allegations only seem to be lodged against "Defendants John Does 1-20" based on the Court's review of the Complaint. (Compl. [1] at ¶ 25.) Officer Moore may again seek dismissal of this cause of action if Meaux later clarifies that he intends to hold the Officer liable.

**D. Failure to Render Medical Attention**

Defendants argue that there is no separate tort for failure to render medical attention under Mississippi law. Further, to the extent the claim can be construed as alleging negligence, it is duplicative of the Complaint's general negligence count and should be dismissed for failure to state a claim. Meaux's opposition to dismissal asserts that the Defendants' failure to render aid violated the Eighth Amendment's prohibition against cruel and unusual punishment.

As noted above, the Eighth Amendment appears inapplicable to this dispute since Meaux fails to allege that he had been convicted of a crime when he was arrested by Officer Moore. *See Baker*, 75 F.3d at 198-99. A pretrial detainee's right to medical attention arises from the Fourteenth Amendment's guarantee of due process. *See Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003) (citing *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). The section of Meaux's Complaint alleging a deprivation of civil rights under § 1983 cites to the Fourteenth Amendment and alleges a denial of medical treatment. Meaux's stand-alone claim for failure to render medical attention is redundant and unsupported by the Eighth Amendment as a result.

Moreover, Meaux fails to cite, and the Court has not identified any Mississippi authority recognizing an independent tort for failure to provide medical attention. Generally, "there is no duty to render aid." *O'Gwin v. Isle of Capri-Natchez, Inc.*, 139 So. 3d 783, 787 (¶ 12) (Miss. Ct. App. 2014). The Mississippi Supreme Court has, however, recognized such a duty in the context of negligence actions brought against business owners by individuals injured on the premises. *See, e.g.*, *Spotlite Skating Rink, Inc. v. Barnes*, 988 So. 2d 364, 369-70 (¶¶ 17-21) (Miss. 2008); *Grisham v. John*

*Q. Long V.F.W. Post, No. 4057, Inc.*, 519 So. 2d 413, 417 (Miss. 1988). These opinions support the Defendants' argument that Meaux's failure to render aid contention is subsumed by his negligence allegations.

The failure to render medical attention count in Meaux's Complaint will be dismissed for failure to state a claim since it is repetitive and duplicative of his § 1983 claims and negligence allegations. *Cf. Oxford Mall Co. v. K & B Miss. Corp.*, 737 F. Supp. 962, 967 (S.D. Miss. 1990) (dismissing tort allegations that were "in actuality nothing more than a reiteration of the breach of contract claims" before the court); *Furr Mktg., Inc. v. Orval Kent Food Co.*, 682 F. Supp. 884, 886 (S.D. Miss. 1988) (dismissing the plaintiff's negligence cause of action since it was duplicative of a breach of contract claim and added nothing to the litigation).

**E. Unlawful Arrest, Detention, and Confinement**

Defendants assert that there is no separate tort for unlawful arrest, detention, and confinement under Mississippi law. Further, this claim should be dismissed for failure to state a claim since it is repetitive of Meaux's false arrest and imprisonment allegations, which are asserted in count two of the Complaint. Meaux offers no persuasive argument in opposition to dismissal. The Court finds that this cause of action should be dismissed for failure to state a claim since it is repetitive and duplicative of count two of the Complaint and of certain allegations made by Meaux in support of his § 1983 claims. *Cf. Oxford Mall Co.*, 737 F. Supp. at 967; *Furr Mktg., Inc.*, 682 F. Supp. at 886.

**F. Shotgun Pleading**

Meaux's briefing in opposition to dismissal provides that a "Motion for Leave to Amend the Complaint may be" forthcoming. (Pl.'s Resp. Brief to Mot. to Dismiss [24] at ¶ 2.) Given this statement and the scattershot nature of Meaux's original Complaint, the Court specifically cautions Plaintiff's counsel to heed this Court's numerous prior admonitions against the practice of shotgun pleading in the event an amended complaint is sought to be filed.[8] Shotgun pleading—"in which the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick"—clouds the issues in a case, "escalates the cost of litigation for both the parties and the Court, requiring voluminous discovery and motions to pinpoint the specific issues for trial," and falls "dangerously close to Rule 11 territory." *Ducksworth*, 2015 WL 737574, at *6-7 (citations and internal quotation marks omitted).

## **III. CONCLUSION**

For the foregoing reasons,

IT IS ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss [17] is granted in part and denied in part. The motion is granted as follows:

1. Plaintiff's Title 42 U.S.C. § 1983 claims against Defendant Chadwick "Chad" Moore ("Officer Moore"), in his official capacity, and Defendant State of Mississippi (Mississippi Department of Public Safety/Mississippi Highway Patrol), i.e., the "Department," are dismissed without prejudice

[8] *See, e.g.*, *Payne v. Univ. of S. Miss.*, No. 1:12cv41, 2015 WL 1482636, at *4 (S.D. Miss. Mar. 31, 2015); *Ducksworth v. Rook*, No. 2:14cv146, 2015 WL 737574, at *6 (S.D. Miss. Feb. 20, 2015); *Austin v. Bayer Pharms. Corp.*, No. 5:13cv28, 2013 WL 5406589, at *2 n.1 (S.D. Miss. Sept. 25, 2013); *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 889 (S.D. Miss. 2005).

based on Eleventh Amendment immunity and lack of subject matter jurisdiction.

2. Plaintiff's state law claims for false arrest and imprisonment, intentional infliction of emotional distress, and battery against Officer Moore, in his personal or individual capacity, are dismissed with prejudice because they are either untimely under Miss. Code Ann. § 15-1-35 or barred by Miss. Code Ann. § 11-46-7(2).

3. Plaintiff's state law claims for negligence and negligent infliction of emotional distress against Officer Moore, in his personal or individual capacity, are dismissed with prejudice pursuant to Miss. Code Ann. § 11-46-7(2).

4. Plaintiff's state law claims for "failure to render medical attention" and "unlawful arrest, detention, and confinement" against Officer Moore and the Department are dismissed without prejudice for failure to state a claim.

5. To the extent any of the Plaintiff's claims under the Mississippi Tort Claims Act proceed to trial, any recovery based on those claims will not include an award of punitive damages, attorney's fees, or pre-judgment interest.

The motion is denied to the extent the following claims remain pending:

1. Plaintiff's Title 42 U.S.C. § 1983 claims against Officer Moore, in his individual capacity;

2. Plaintiff's state law claims for false arrest and imprisonment, intentional and/or negligent infliction of emotional distress, negligence, and battery against the Department and Officer Moore, in his representative or official

capacity; and

3. Plaintiff's state law claim for negligent hiring and training practice against the Department.

IT IS FURTHER ORDERED AND ADJUDGED that counsel for the parties shall contact the chambers of the United States Magistrate Judge Michael T. Parker within fourteen (14) days of the entry of this order to schedule a case management conference.

SO ORDERED AND ADJUDGED this the 8th day of June, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE