**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KEITH MEAUX**                                                                      **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:14-CV-323-KS-RHW**

**STATE OF MISSISSIPPI (MISSISSIPPI
DEPARTMENT OF PUBLIC SAFETY/MS
HWY PATROL), CHADWICK "CHAD" MOORE
and JOHN and JANE DOES 1-20**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matters is before the Court on Defendants Chadwick "Chad" Moore and the State of Mississippi's Motion for Summary Judgment [81]. After reviewing the submissions of the parties, the record, and applicable law, the Court finds that Defendants' motion is well taken and should be granted.

**I. BACKGROUND**

On August 21, 2014, Plaintiff filed this action against the Defendants Chadwick "Chad" Moore ("Moore"), the State of Mississippi (Mississippi Department of Public Safety/Mississippi Highway Patrol) (the "State"), and John and Jane Does 1-20 (collectively "Defendants"). (*See* Complaint [1] at ¶¶ 2-3.)

The Complaint alleges that Moore used "unnecessary" and "brutal" force during the course of Plaintiff's arrest for driving under the influence. (*See* Complaint [1] at ¶¶ 7, 10.) His Medical Records [81-13] shortly after the incident show that Plaintiff had abrasions to the knees, face, and left wrist, with the 1.5 centimeter cut on his forehead requiring four sutures. (*See id.*) Plaintiff's shoulder was not dislocated as he alleges in his Complaint, and he was discharged within two hours of arrival. (*See id.*)

Plaintiff also contends that after he was handcuffed and placed in Moore's patrol car, Moore ignored his pleas for medical attention and cancelled an ambulance that "Meaux managed to call when he retrieved his phone from his pocket all the while handcuffed." (*See* Complaint [1] at ¶ 9.) Purportedly, the charges against Plaintiff were dismissed after Officer Moore failed to appear for trial.

The following claims remain pending against Defendants: (i) deprivation of civil rights under 42 U.S.C § 1983 against Moore in his individual capacity; (ii) false arrest and imprisonment against the State and Moore in his representative or official capacity; (iii) intentional and/or negligent infliction of emotional distress against the State and Moore in his representative or official capacity; (iv) negligence against the State and Moore in his representative or official capacity; (v) battery against the State and Moore in his representative or official capacity; and (vi) negligent hiring and training practice against the State. (*See* Order [37] at pp. 17-18.) Plaintiff filed a Motion to Amend [47] on August 14, 2015. The Court subsequently granted Plaintiff leave to amend his complaint and add a claim of abuse of process and malicious prosecution against Moore, but Plaintiff never filed an amended complaint adding this claim. Therefore, only the claims listed above are pending.

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808,

812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

**B.    42 U.S.C. § 1983**

Defendants argue that Plaintiff's claims under 42 U.S.C. § 1983 fail because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or

3

constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)) (internal quotations omitted). This doctrine, where applicable, is a bar to suit altogether "rather than a mere defense to liability." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)).

There are two steps in deciding whether qualified immunity applies. *Id.* at 232. "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001)) (internal citations omitted). If the plaintiff can establish this, then "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* If both steps are satisfied, qualified immunity does not apply.

### 1. Excessive Force

Plaintiff contends that Moore used excessive force in the course of his arrest in violation of his Fourth Amendment rights. To determine whether Defendants are entitled to qualified immunity for a § 1983 claim, the Court first looks to where there is an underlying constitutional violation.

"[T]o state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive in need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 500-501 (5th Cir. 2008). The objective unreasonableness of the force "depends on the facts and circumstances of the particular case," and the Court is to look at "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 501 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)).

There is no dispute as to whether Plaintiff was injured or as to whether Moore used force to remove Plaintiff from his vehicle. The only questions are whether Plaintiff's injuries were directly caused by the use of force and, if so, whether the use of force was objectively unreasonable.

In the dash cam footage, Moore can be heard ordering Plaintiff out of his vehicle multiple times, with Plaintiff refusing to comply. (Exhibit A. at 4:09-21) Moore then forces Plaintiff out of the vehicle, with Plaintiff physically resisting exiting the vehicle the entire time. (*See id.* at 4:22-5:26.) Once Plaintiff is out of the vehicle, Moore attempts to arrest him, but Plaintiff manages to dive back into the vehicle. (*See id.* at 5:26-33.) Moore is then seen struggling to remove Plaintiff once again from the vehicle. (*See id.* at 5:33-56.) Moore finally removes Plaintiff from the vehicle, and they both fall to the ground. (*See id.* at 5:56-6:00.) Plaintiff then begins complaining of shoulder pain as Moore orders him to put his hands behind his back. (*See id*. at 6:02-14.)

The dash cam video indisputably shows Plaintiff resisting both Moore's order to exit his vehicle and his arrest. The force used occurs only after it becomes clear that Plaintiff is not going to comply with the order to exit the vehicle but before Moore places him in handcuffs. Because Plaintiff refused to exit the vehicle as he was ordered, it was not objectively unreasonable for Moore to use force in order to remove him from the vehicle. While Plaintiff may not have been engaged in a serious crime and may not have posed a serious threat to Moore's safety, in the face of Plaintiff's physical resistance of the officer's order and his attempted arrest, the Court cannot find that Moore's use of force was unreasonable. *See Bush*, 513 F.3d at 501 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865).

Furthermore, the video evidence plainly refutes Plaintiff's claims that he was "slammed" into the ground by Moore. While Plaintiff does go to the ground, the video depicts both Moore and Plaintiff falling to the ground as a result of the struggle rather than the officer exerting force to bring

him down.  As Plaintiff's injuries occur because of this fall, the Court cannot conclude that his injuries were directly caused by Moore's use of force even if it found this use of force was objectively unreasonable.

The Court therefore finds that Plaintiff has not established that a constitutional violation occurred under the Fourth Amendment, and Defendants are entitled to qualified immunity as to this claim.  *See Pearson*, 555 U.S. at 232, 129 S. Ct. 808 (citing *Saucier*, 533 U.S. at 201, 121 S. Ct. 2151).  Defendants' Motion for Summary Judgment [81] will be **granted** as to his excessive force claim under § 1983..

### 2. Denial of Medical Treatment

In determining whether Defendants are protected by qualified immunity for Plaintiff's denial of medical treatment claim under § 1983, the Court first looks at whether Plaintiff can make out a violation of his constitutional rights under this claim.  "[A]n arrestee's right to medical attention, like that of a pretrial detainee, derives from the Fourteenth Amendment."  *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 (5th Cir. 1996).  An arrestee's due process rights are therefore violated "if the official acts with subjective deliberate indifference to the detainee's or [arrestee's] rights," which is "defined . . . as subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference."  *Id.* at 473 (citing *Hare v. City of Corinth*, 74 F.3d 633, 647-50 (5th Cir. 1996)).  Neither party denies that Moore knew Plaintiff was in pain from his shoulder and was requesting medical attention.  The question, though, is whether Moore knew that Plaintiff had a "substantial risk of serious medical harm" and responded with "deliberate indifference."

The Court first looks at whether Moore knew that there was a "substantial risk of serious medical harm" to the Plaintiff.  In *Hare*, the Fifth Circuit held that deliberate indifference when

faced with actual knowledge of substantial risk of suicide violated a detainee's right to reasonable care under the Fourteenth Amendment.  74 F.3d at 650.  The detainee in that case, after being refused treatment, committed suicide in her cell.  In *Nerren*, the arrestee was in pain with his face and chest marred with abrasions.  86 F.3d at 473.  The arresting office denied Nerren medical attention when requested, despite knowledge that he had been injured in a multiple vehicle accident. *Id.*  In that case, when Nerren was examined after being released on bond, it was discovered he had a torn liver which had resulted in a large amount of intra-abdominal bleeding.  *Id.* at 471.

Plaintiff here has introduced no evidence to show that there was a "substantial risk" to his health, let alone that Moore knew about such a risk.  There is no indication of a serious and substantial risk to Plaintiff's health in the medical records from his hospital visit that night.  (*See* Medical Records [81-13].)  Plaintiff had abrasions to the knees, face, and left wrist, with the 1.5 centimeter cut on his forehead requiring four sutures.  (*See id.*)  Plaintiff's shoulder was not dislocated, and he was discharged within two hours of arrival.  (*See id.*)  Based on the evidence before it, the Court cannot say that Moore knew Plaintiff was in "substantial risk of serious medical harm" because Plaintiff has not shown that such a risk existed.  As it is Plaintiff's burden to establish the constitutional violation for qualified immunity to not apply, the Court is left to determine that Plaintiff has not established a due process violation for denial of medical care.  *See Pearson*, 555 U.S. at 232, 129 S. Ct. 808 (citing *Saucier*, 533 U.S. at 201, 121 S. Ct. 2151).

It should be further noted that, even if Plaintiff had established that his health was at substantial risk, he has not established that Moore was deliberately indifferent to this risk.  The record clearly shows that Moore did in fact ensure that Plaintiff received medical treatment, delayed though it might have been.  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Brown v.*

*Callahan*, 623 F.3d 249, 255 (5th Cir. 2010) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)) (internal quotations omitted). Furthermore, "[p]roof of deliberate indifference normally requires a plaintiff to show a pattern of violations and that the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation." *Id.* (quoting *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). Plaintiff has not established that Moore knew the delay in medical treatmeant would have a detrimental result to his overall health or even that it did have such a result. He also has not introduced evidence showing a pattern of violations and inadequate training. As Plaintiff has not made this type of showing, his claim would fail this prong of the analysis as well.

Therefore, because Plaintiff cannot establish a violation of his due process rights under the Fourteenth Amendment for denial of medical care, qualified immunity protects Defendants from this claim and their Motion for Summary Judgment [81] will be **granted** as to this claim.

### C. State Law Claims

The Mississippi Tort Claims Act ("MTCA") "provides the exclusive remedy against a governmental entity or its employees for the act or omission which gave rise to the suit." *Covington Cnty. Sch. Dist. v. Magee*, 29 So.3d 1, 4 (Miss. 2010). Therefore, all of Plaintiff's state law claims against Defendants must be analyzed under the MTCA.

#### 1. Negligence and Negligent Infliction of Emotional Distress

Defendants argue that, under the MTCA, they cannot be held liable for any claims based in negligence. The MTCA holds that no government entity or official can be held liable for any claim

> [a]rising out of any act or omission of an employee of a government entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee *acted in reckless disregard* of the safety and well-being of any person not engaged in criminal activity at the time of the injury.

8

MISS. CODE ANN. § 11-46-9(c) (emphasis added).  The Mississippi Supreme Court has held, and Plaintiff has conceded, that "reckless disregard" is a higher standard than even gross negligence. *See City of Jackson v. Law*, 65 So.3d 821, 837 (Miss. 2011).  Claims that are based in the negligent actions of officials, then, cannot be brought under the MTCA.  As such, Defendants cannot be liable for Plaintiff's claims of general negligence and negligent infliction of emotional distress, and their Motion for Summary Judgment [81] must be **granted** as to these claims.

### 2.     Intentional Torts

Defendants claim that they are immune from liability for the intentional torts brought by Plaintiff because Plaintiff was engaged in criminal activity at the time.  Under the MTCA, "a person engaged in criminal activity at the time of his injury is barred from recovering from a governmental entity."  *McElroy v. City of Brandon*, No. 2014-CA-00927-COA, 2015 WL 8718433, at *5 (Miss. Ct. App. Dec. 15, 2015).  Plaintiff offers no argument against the assertion that he was engaged in criminal activity at the time of his injuries, and from the record, it is evident that Plaintiff was actively resisting arrest at the time.  Therefore, the Court finds that Plaintiff was engaged in criminal activity, making Defendants immune from liability under the MTCA.  The Court will consequently **grant** Defendants Motion for Summary Judgment as to Plaintiff's claims of false arrest and imprisonment, intentional infliction of emotional, and battery.

### 3.     Negligent Hiring and Training Practices

Defendants argue that the State cannot be liable for negligent hiring and training practices because this is a discretionary function of government.  Under the MTCA, a government entity cannot be liable for a claim "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . , whether or not the discretion be abused." MISS. CODE ANN. § 11-46-9(d).  The Mississippi Supreme Court has held that the manner in which a government

9

entity "supervises, disciplines and regulates" its law enforcement officers is a discretionary function under state law. *City of Jackson v. Powell*, 917 So.2d 59, 74 (Miss. 2005). Plaintiff has made no argument that the hiring and training of highway patrol officers is not a discretionary duty of the State. The Court finds that this is a discretionary duty and that the State cannot be liable for the performance of this duty under the MTCA.

Furthermore, even if the Court were to find that the State could be liable for this claim, Plaintiff has offered no evidence in support of this claim other than the fact that Moore failed to bring his procedure to his deposition and the fact that he was disciplined after the incident. To be liable for negligent hiring, an employee must have "kn[own] or should have known of the employee's incompetence or unfitness." *Doe ex rel. Brown v. Pontotoc Cnty. Sch. Dist.*, 957 So.2d 410, 416-17 (Miss. Ct. App. 2007). Plaintiff has offered no evidence of either actual or constructive knowledge the State had in regards to Moore's fitness as an officer, and his claim must fail.

Therefore, the Court will **grant** Defendants' Motion for Summary Judgment [81] with respect to Plaintiff's claim of negligent hiring and training practices.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [81] is **granted**.

SO ORDERED AND ADJUDGED this the 23rd day of February, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE